E-FILED
Tuesday, 04 August, 2026  02:14:16 PM
Clerk, U.S. District Court, ILCD

**FILED**
8/3/2026
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FOR THE CENTRAL DISTRICT OF ILLINOIS

ANN PETTIFER,

Plaintiff,

v.

DEERE & COMPANY,

Defendant.

Case No. ___**26-cv-4186**___

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Jury Trial Demanded

INTRODUCTION AND NATURE OF ACTION

1. Plaintiff Ann Pettifer brings this action against Defendant Deere & Company for violations of federal law arising from Defendant's handling of Plaintiff's disability-related leave, request for reasonable accommodation, disability benefits, employee benefits, health insurance coverage, and employment conditions.

2. Plaintiff alleges that Defendant discriminated against Plaintiff because of disability, failed to properly accommodate Plaintiff, retaliated against Plaintiff for exercising rights protected under federal law, and improperly interfered with Plaintiff's rights relating to employee benefit programs.

3. Plaintiff alleges that she was a qualified and successful employee who worked for Defendant beginning April 16, 2012, and maintained a strong employment record, including recognition through professional awards, global recognition, and patented contributions.

4. Plaintiff alleges that the events giving rise to this action occurred after Defendant became aware of Plaintiff's medical limitations, need for leave, request for accommodation, and efforts to obtain disability-related benefits.

5. Plaintiff alleges that she sought to remain employed and return to productive work through a reasonable, structured accommodation process.

Public

6. Plaintiff alleges that Defendant's actions created barriers affecting Plaintiff's employment, compensation, benefits, access to healthcare, and ability to successfully complete her return-to-work process.

7. Plaintiff brings claims under the Americans with Disabilities Act of 1990 ("ADA"), the Employee Retirement Income Security Act of 1974 ("ERISA"), and applicable COBRA continuation coverage provisions.

8. Plaintiff seeks all available relief permitted by law, including damages, recovery of benefits, equitable relief, and other remedies available under applicable statutes.

PARTIES, JURISDICTION, VENUE, AND ADMINISTRATIVE EXHAUSTION

PARTIES

9. Plaintiff Ann Pettifer is an individual residing in Andalusia, Illinois.

10. Plaintiff's address is:

246 6th Street Court W
Andalusia, Illinois 61232

11. Plaintiff is proceeding in this action without an attorney and represents herself pro se.

12. Defendant Deere & Company is a corporation doing business in Illinois.

13. Defendant's principal place of business is:

Deere & Company
One John Deere Place
Moline, Illinois 61265

14. At all relevant times, Defendant employed Plaintiff and exercised control over matters affecting Plaintiff's employment relationship, including employment decisions, accommodation processes, leave administration, compensation, and employee benefit-related communications.

JURISDICTION

15. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law.

16. Plaintiff's claims arise under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq.

Public

17. Plaintiff's claims also arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

18. This Court has jurisdiction over Plaintiff's ERISA claims pursuant to 29 U.S.C. § 1132 and 28 U.S.C. § 1331.

19. Plaintiff seeks relief authorized by federal law, including damages, recovery of benefits allegedly due, equitable relief, and other remedies available under applicable statutes.

VENUE

20. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant resides in this District and a substantial portion of the events giving rise to Plaintiff's claims occurred within this District.

21. Defendant Deere & Company maintains its principal place of business in Moline, Illinois, which is located within the Central District of Illinois.

22. Defendant conducted employment, Human Resources, benefits, and related activities affecting Plaintiff through operations connected to this District.

23. Plaintiff worked remotely from Andalusia, Illinois, and performed duties for Defendant's Intelligent Solutions Group.

24. Plaintiff alleges that Defendant's employment decisions, benefit-related communications, and administrative actions affecting Plaintiff's employment relationship have substantial connections to this District.

ADMINISTRATIVE EXHAUSTION

25. Plaintiff satisfied applicable administrative requirements before filing this action.

26. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") regarding the conduct described in this Complaint.

27. The EEOC issued Plaintiff a Notice of Right to Sue dated May 5, 2026.

28. Plaintiff files this action within the applicable time period following receipt of the Notice of Right to Sue.

Public

29. Plaintiff alleges that the conduct described in this Complaint constitutes related and continuing events involving disability discrimination, failure to accommodate, retaliation, employment-related harm, and benefit-related actions.

30. Plaintiff brings this action after attempting to resolve these matters through Defendant's internal processes, benefit procedures, appeal procedures, and administrative channels.

GENERAL FACTUAL ALLEGATIONS

PLAINTIFF'S EMPLOYMENT HISTORY, QUALIFICATIONS, AND CONTRIBUTIONS

31. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

32. Plaintiff began employment with Defendant Deere & Company on or about April 16, 2012.

33. Plaintiff alleges that during more than twelve years of employment with Defendant, she consistently demonstrated commitment, skill, innovation, and the ability to perform the essential functions of her position.

34. Plaintiff worked for Defendant's Intelligent Solutions Group and performed duties remotely from Andalusia, Illinois.

35. Plaintiff alleges that she developed significant knowledge, experience, and expertise during her employment with Defendant.

36. Plaintiff alleges that Defendant recognized Plaintiff's performance and contributions through professional recognition, including President's Awards, Vice President Awards, and global recognition for her work.

37. Plaintiff alleges that she made innovative contributions to Defendant's business, including patented work and other contributions of value to Defendant.

38. Plaintiff alleges that her employment record demonstrates that she was a qualified employee capable of successfully performing her job duties.

39. Plaintiff alleges that prior to the events described in this Complaint, she had established a successful employment history with Defendant.

40. Plaintiff alleges that she remained committed to Defendant and desired to continue contributing her skills, knowledge, and experience to Defendant's operations.

Public

41. Plaintiff alleges that the employment issues described in this Complaint arose after Plaintiff experienced medical limitations, requested disability-related benefits, sought reasonable accommodation, and attempted to maintain employment.

PLAINTIFF'S MEDICAL LEAVE AND INITIAL DISABILITY BENEFIT PROCESS

42. Plaintiff alleges that beginning in or around April 2024, Plaintiff experienced medical limitations that affected her ability to perform her regular job duties without restrictions.

43. Plaintiff alleges that she did not seek to end her employment relationship with Defendant and instead sought available leave, disability benefits, and reasonable workplace support so that she could recover and return to productive work.

44. Plaintiff's medical leave began on or about April 29, 2024.

45. Plaintiff followed Defendant's established procedures for requesting leave and submitted information through Defendant's designated leave administrator, Sedgwick.

46. Plaintiff alleges that Sedgwick was responsible for administering aspects of Plaintiff's leave and disability claim process.

47. Plaintiff alleges that Defendant remained involved in employment status decisions, Human Resources communications, benefit administration, accommodation discussions, and return-to-work matters.

48. Plaintiff alleges that she was eligible for short-term disability benefits under Defendant's employee benefit program.

49. Plaintiff alleges that Defendant's disability benefit program provided a potential benefit period of up to one year for qualifying disability.

50. Plaintiff submitted a claim for short-term disability benefits and provided medical information supporting her limitations.

51. Plaintiff alleges that her claim for disability benefits was denied.

52. Plaintiff alleges that she appealed the denial and attempted to provide additional information regarding her medical condition and limitations.

53. Plaintiff alleges that despite her efforts, the denial was upheld.

54. Plaintiff alleges that she was not informed of any additional meaningful review opportunity, hearing process, or further procedure available after the appeal decision.

55. Plaintiff alleges that when she sought clarification regarding additional options, she was not provided clear information regarding any further review process.

56. Plaintiff alleges that the denial of benefits and lack of clear information regarding further review affected Plaintiff's ability to make informed decisions regarding work status, medical treatment, and financial obligations.

LEAVE STATUS CONFUSION, CONFLICTING INFORMATION, AND RETURN-TO-WORK EVENTS

57. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

58. Plaintiff alleges that after beginning medical leave on or about April 29, 2024, she attempted to comply with all requirements communicated by Defendant and Sedgwick regarding leave administration, disability benefits, and return-to-work procedures.

59. Plaintiff alleges that Defendant and Sedgwick provided inconsistent information regarding Plaintiff's leave status and the date on which Plaintiff's leave was considered exhausted.

60. Plaintiff alleges that Sedgwick communicated that Plaintiff's last day of leave was August 5, 2024.

61. Plaintiff alleges that Defendant's Human Resources department communicated that Plaintiff's last day of leave was August 6, 2024.

62. Plaintiff alleges that the conflicting information created uncertainty regarding Plaintiff's employment status, benefit eligibility, and obligations.

63. Plaintiff alleges that on or about August 26, 2024, Sedgwick issued correspondence regarding Plaintiff's leave status; however, Plaintiff alleges she did not receive timely clarification regarding the consequences of that communication.

64. Plaintiff alleges that Plaintiff communicated with Defendant's Human Resources representative regarding the status of her leave and was informed that updates were not available.

65. Plaintiff alleges that Defendant did not clearly communicate to Plaintiff that Defendant considered her leave to have ended until approximately September 16, 2024.

66. Plaintiff alleges that Sedgwick provided a different date, approximately September 9, 2024, further contributing to confusion regarding Plaintiff's employment and leave status.

Public

67. Plaintiff alleges that on or about September 11, 2024, Plaintiff's manager contacted Plaintiff regarding whether September 16, 2024 was the expected date for Plaintiff's return to work.

68. Plaintiff alleges that she confirmed her expected return date after her scheduled medical appointment.

69. Plaintiff alleges that she relied on information provided by Defendant and its representatives when making decisions regarding her return-to-work process.

70. Plaintiff alleges that she remained willing to return to work and sought a medically appropriate transition back to her position.

71. Plaintiff alleges that on or about September 20, 2024, she was instructed to file a new case with Sedgwick for additional leave or additional available support.

72. Plaintiff alleges that she followed Defendant's instructions and submitted a new case with Sedgwick on or about September 20, 2024.

73. Plaintiff alleges that on or about October 16, 2024, she was informed that the additional case process she had been directed to pursue was not an available process.

74. Plaintiff alleges that she relied in good faith on Defendant's instructions and attempted to comply with all procedures presented to her.

75. Plaintiff alleges that the conflicting information regarding leave dates, available procedures, and return-to-work requirements caused unnecessary uncertainty during a period when Plaintiff was experiencing medical limitations and attempting to preserve her employment.

76. Plaintiff alleges that Defendant's handling of Plaintiff's leave status contributed to later disputes regarding accommodation, compensation, repayment obligations, and health benefits.

REASONABLE ACCOMMODATION, OCCUPATIONAL HEALTH PROCESS, AND GRADUAL RETURN TO WORK

77. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

78. Plaintiff alleges that she requested reasonable accommodation because of medical limitations that affected her ability to immediately resume her regular work schedule without restrictions.

79. Plaintiff alleges that she did not request accommodation to avoid work or reduce her commitment to Defendant.

Public

80. Plaintiff alleges that she requested accommodation in order to remain employed, continue performing her job duties, and safely transition back to full-time work while completing necessary medical treatment.

81. Plaintiff alleges that Defendant was aware of Plaintiff's medical limitations, restrictions, and need for accommodation through communications with Human Resources, Occupational Health, management personnel, and other representatives.

82. Plaintiff alleges that on or about October 23, 2024, Plaintiff participated in discussions with Occupational Health regarding her medical restrictions and return-to-work accommodation.

83. Plaintiff alleges that the accommodation plan involved a gradual return-to-work schedule.

84. Plaintiff alleges that the agreed-upon accommodation included modified hours with an incremental increase in hours approximately every two weeks until Plaintiff returned to full-time work.

85. Plaintiff alleges that the purpose of the gradual schedule was to allow Plaintiff to resume her job responsibilities while managing medical limitations and continuing necessary treatment.

86. Plaintiff alleges that the accommodation was intended to be temporary and designed to support Plaintiff's successful return to her regular work schedule.

87. Plaintiff alleges that she was capable of performing her essential job functions with this accommodation.

88. Plaintiff alleges that she returned to work on or about October 29, 2024, under the modified schedule accommodation.

89. Plaintiff alleges that she returned to work in good faith and with the intention of continuing her successful employment with Defendant.

90. Plaintiff alleges that she continued performing work responsibilities while following the gradual return-to-work plan.

91. Plaintiff alleges that instead of allowing the accommodation process to proceed without disruption, Defendant changed the manner in which Plaintiff's compensation, leave status, and benefits were handled during the accommodation period.

92. Plaintiff alleges that Defendant treated portions of the accommodation period as unpaid leave and changed the manner in which Plaintiff's compensation was provided.

Public

93. Plaintiff alleges that these actions created financial uncertainty and interfered with the purpose of the accommodation plan.

94. Plaintiff alleges that the purpose of the accommodation was to allow Plaintiff to continue working while recovering and completing treatment, but Defendant's actions created additional barriers to that process.

95. Plaintiff alleges that she repeatedly attempted to communicate with Defendant and resolve questions regarding accommodation, compensation, benefits, and employment status.

96. Plaintiff alleges that she acted in good faith throughout the accommodation and return-to-work process.

97. Plaintiff alleges that Defendant's handling of the accommodation process adversely affected the terms, conditions, and privileges of Plaintiff's employment.


COMPENSATION CHANGES, REPAYMENT DEMANDS, AND DISPUTED REPAYMENT AGREEMENT

98. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

99. Plaintiff alleges that after returning to work under the gradual accommodation schedule, Defendant raised issues regarding compensation Plaintiff received during the period affected by leave, accommodation, and employment status determinations.

100. Plaintiff alleges that Defendant requested repayment of salary or compensation amounts while questions remained unresolved regarding Plaintiff's leave dates, accommodation status, benefit eligibility, and compensation calculations.

101. Plaintiff alleges that on or about October 21, 2024, Defendant communicated that Plaintiff was required to repay wages or salary amounts.

102. Plaintiff alleges that on or about October 25, 2024, Defendant requested repayment of $1,110.08 even though Plaintiff had not yet returned to work.

103. Plaintiff alleges that on or about October 30, 2024, Defendant sent additional repayment-related communications concerning salary paid during the disputed period.

104. Plaintiff alleges that she repeatedly requested clarification regarding the basis for the repayment demands, including the dates used, calculations performed, and reasons for the amounts claimed.

Public

105. Plaintiff alleges that Defendant provided repayment information while unresolved questions remained regarding:

a. the effective dates of Plaintiff's leave;

b. whether Plaintiff was considered on leave or actively working under accommodation;

c. how the gradual return-to-work schedule was to be treated;

d. whether compensation was properly calculated; and

e. whether benefits should have remained available.

106. Plaintiff alleges that she attempted in good faith to resolve the repayment issue and cooperate with Defendant's requests.

107. Plaintiff alleges that she signed a repayment agreement while specifically noting that the full amount owed had not been completely determined or confirmed.

108. Plaintiff alleges that her signature on the repayment agreement was not an admission that Defendant's calculations were accurate, nor was it a waiver of Plaintiff's rights regarding disputed employment, accommodation, leave, compensation, or benefit issues.

109. Plaintiff alleges that she signed while relying on Defendant to provide accurate information regarding the amount allegedly owed.

110. Plaintiff alleges that Defendant continued to seek repayment despite unresolved disputes regarding the underlying facts and calculations.

111. Plaintiff alleges that Defendant's repayment demands occurred during the same period Plaintiff was attempting to complete a medically necessary gradual return-to-work process.

112. Plaintiff alleges that Defendant's handling of the repayment issue caused financial stress and placed additional pressure on Plaintiff during a period of medical recovery.

113. Plaintiff alleges that Defendant's treatment of the repayment issue was connected to the broader pattern of actions affecting Plaintiff's accommodation, benefits, and employment conditions.

114. Plaintiff alleges that Defendant's actions adversely affected Plaintiff's ability to maintain financial stability while continuing medical treatment and employment.

Public

HEALTH INSURANCE BENEFITS, COBRA, MEDICAL TREATMENT IMPACT, AND RETURN TO FULL-TIME WORK TO MAINTAIN BENEFIT ACCESS

115. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

116. Plaintiff alleges that continued access to health insurance benefits was essential because Plaintiff was undergoing ongoing medical treatment and required continued access to healthcare services.

117. Plaintiff alleges that Defendant knew, or had reason to know, that Plaintiff's medical condition required continued treatment and that interruption of health coverage could negatively affect Plaintiff's ability to receive care.

118. Plaintiff alleges that during the period involving leave, accommodation, return to work, and benefit administration, Defendant failed to provide Plaintiff with clear and consistent information regarding the status of her health insurance benefits.

119. Plaintiff alleges that Defendant did not timely and clearly communicate the effective dates of benefit changes, the status of coverage, or the steps necessary for Plaintiff to maintain continued coverage.

120. Plaintiff alleges that she repeatedly contacted Defendant representatives and attempted in good faith to determine:

a. whether her health benefits remained active;

b. the effective date of any termination of coverage;

c. the amount required for continuation coverage;

d. the applicable deadlines; and

e. the procedures required to preserve coverage.

121. Plaintiff alleges that she communicated with Defendant regarding benefit issues for approximately four months in an effort to obtain accurate information.

122. Plaintiff alleges that during this period, Plaintiff attempted to resolve discrepancies regarding leave status, employment status, benefit eligibility, and continuation coverage requirements.

123. Plaintiff alleges that Defendant provided COBRA-related communications, including information regarding billing availability, while questions regarding dates and amounts remained unresolved.

Public

124. Plaintiff alleges that on or about November 10, 2024, Plaintiff was notified that COBRA billing information was available.

125. Plaintiff alleges that on or about November 22, 2024, Plaintiff received additional COBRA-related information, but questions regarding dates and requirements remained unresolved.

126. Plaintiff alleges that she continued attempting to understand and comply with the requirements necessary to maintain health insurance coverage.

127. Plaintiff alleges that Defendant ultimately denied COBRA continuation coverage based on an alleged failure to pay within the required timeframe.

128. Plaintiff alleges that any delay in payment was caused, at least in part, by Defendant's failure to provide clear, consistent, and timely information necessary for Plaintiff to determine her obligations.

129. Plaintiff alleges that the loss or uncertainty of health insurance coverage affected Plaintiff during a period of significant medical need.

130. Plaintiff alleges that she experienced disruption, delay, or difficulty in maintaining medical appointments and treatment because of uncertainty regarding insurance coverage.

131. Plaintiff alleges that Defendant's handling of Plaintiff's health benefits placed Plaintiff in the position of needing to return to full-time work earlier than the gradual return-to-work plan contemplated in order to regain access to health insurance benefits necessary for continued medical treatment.

132. Plaintiff alleges that she returned to full-time work while still experiencing medical limitations because maintaining health coverage was necessary to continue treatment.

133. Plaintiff alleges that requiring Plaintiff to return to full-time work under these circumstances undermined the purpose of the accommodation process.

134. Plaintiff alleges that Defendant's handling of health benefits, continuation coverage, and return-to-work requirements caused financial hardship, medical uncertainty, and additional barriers to successful recovery.

135. Plaintiff alleges that Defendant's actions affected the terms, conditions, and privileges of Plaintiff's employment and contributed to the damages described in this Complaint.

Public

RETALIATION, PATTERN OF CONDUCT, AND CONNECTION BETWEEN PROTECTED ACTIVITY AND ADVERSE ACTIONS

136. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

137. Plaintiff alleges that she engaged in protected activities under federal law, including:

a. requesting reasonable accommodation for medical limitations;

b. seeking disability-related benefits;

c. submitting information supporting her disability benefit claim;

d. appealing the denial of disability benefits;

e. communicating medical restrictions and limitations;

f. participating in the accommodation and return-to-work process;

g. seeking clarification regarding employee benefit rights; and

h. attempting to maintain access to health insurance and other employment benefits.

138. Plaintiff alleges that Defendant was aware of Plaintiff's protected activities through its Human Resources personnel, Occupational Health representatives, management personnel, benefits representatives, and designated leave administrator.

139. Plaintiff alleges that after Defendant became aware of Plaintiff's protected activities, Defendant took actions that negatively affected Plaintiff's employment conditions and benefits.

140. Plaintiff alleges that the adverse actions included, but were not limited to:

a. denial of short-term disability benefits;

b. denial of Plaintiff's appeal despite Plaintiff's attempts to provide additional information;

c. failure to provide clear information regarding additional review opportunities after the appeal decision;

d. inconsistent communication regarding Plaintiff's leave status;

e. directing Plaintiff to pursue an additional leave process that Plaintiff alleges was later determined not to exist;

f. changes to Plaintiff's compensation treatment during the accommodation period;

Public

g. repayment demands while underlying employment and benefit issues remained disputed;

h. interruption or loss of health insurance benefits;

i. denial of COBRA continuation coverage after Plaintiff's efforts to obtain accurate information;

j. pressure to return to full-time work before completion of the gradual accommodation process in order to regain health benefits;

k. reduction in Plaintiff's work grade upon return to employment; and

l. other actions affecting the terms, conditions, and privileges of Plaintiff's employment.

141. Plaintiff alleges that these actions occurred after Plaintiff exercised rights relating to disability accommodation, disability benefits, and employee benefits.

142. Plaintiff alleges that the timing, sequence, and circumstances of Defendant's actions support an inference that Defendant's actions were connected to Plaintiff's protected activities.

143. Plaintiff alleges that Defendant's conduct created a situation where seeking accommodation, requesting disability benefits, and attempting to maintain medical care resulted in negative employment and benefit consequences.

144. Plaintiff alleges that Defendant's actions would reasonably discourage an employee from exercising rights protected under federal law.

145. Plaintiff alleges that Defendant's actions demonstrate a pattern of inconsistent treatment, inadequate communication, and adverse consequences occurring after Plaintiff requested disability-related assistance and benefits.

146. Plaintiff alleges that Defendant's conduct was not based on Plaintiff's lack of qualifications or inability to contribute, but occurred after Defendant became aware of Plaintiff's medical limitations and need for workplace support.

147. Plaintiff alleges that throughout this period she acted in good faith, attempted to follow Defendant's procedures, and repeatedly sought clarification and resolution.

148. Plaintiff alleges that Defendant's actions caused financial harm, disruption of medical care, loss of benefits, emotional hardship, and damage to Plaintiff's employment relationship.

Public

COUNT I — VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

DISABILITY DISCRIMINATION AND FAILURE TO PROVIDE REASONABLE ACCOMMODATION

42 U.S.C. § 12112

149. Plaintiff incorporates Paragraphs 1 through 148 as though fully set forth herein.

150. Plaintiff alleges that she is a qualified individual with a disability as defined by the Americans with Disabilities Act ("ADA").

151. Plaintiff alleges that she had medical impairments that substantially limited one or more major life activities, including activities necessary for daily living and working without restrictions.

152. Plaintiff alleges that during the relevant period she experienced significant limitations, including difficulty performing basic daily activities, requiring assistance with certain personal care activities, inability to sit for extended periods, and limitations affecting her ability to perform work duties without accommodation.

153. Plaintiff alleges that she was nevertheless qualified for her position and was able to perform the essential functions of her job with reasonable accommodation.

154. Plaintiff alleges that she had a successful employment history with Defendant beginning April 16, 2012, including professional recognition, awards, patented contributions, and global recognition for her work.

155. Plaintiff alleges that Defendant knew of Plaintiff's disability, limitations, and need for accommodation.

156. Plaintiff alleges that she requested reasonable accommodation to allow her to continue working while completing necessary medical treatment.

157. Plaintiff alleges that the requested accommodation included a gradual return-to-work schedule with modified hours and incremental increases approximately every two weeks until Plaintiff returned to full-time work.

158. Plaintiff alleges that this accommodation was reasonable because it allowed Plaintiff to remain employed, perform job duties, and transition back to full-time work.

159. Plaintiff alleges that Defendant participated in the accommodation process and was aware of Plaintiff's limitations and restrictions.

160. Plaintiff alleges that Defendant failed to properly implement and administer the accommodation process.

Public

161. Plaintiff alleges that Defendant's actions interfered with the effectiveness of the accommodation, including:

a. treating portions of the accommodation period as unpaid leave;

b. changing compensation treatment during the accommodation period;

c. creating uncertainty regarding Plaintiff's employment status;

d. disrupting access to health benefits necessary for treatment;

e. requiring Plaintiff to return to full-time work sooner than the gradual accommodation plan contemplated in order to regain health insurance benefits; and

f. creating additional barriers to Plaintiff's successful return to work.

162. Plaintiff alleges that Defendant's actions affected the terms, conditions, and privileges of Plaintiff's employment because of Plaintiff's disability and accommodation needs.

163. Plaintiff alleges that Defendant failed to engage in the interactive process in good faith and failed to provide a consistent and effective accommodation process.

164. Plaintiff alleges that Defendant's conduct violated the ADA.

165. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages, including lost wages, lost benefits, financial hardship, disruption of medical care, emotional distress, and other damages to be proven.

WHEREFORE, Plaintiff requests judgment against Defendant and all relief available under the ADA.


COUNT II — VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

RETALIATION

42 U.S.C. § 12203

166. Plaintiff incorporates Paragraphs 1 through 165 as though fully set forth herein.

167. Plaintiff engaged in protected activities under the ADA, including:

a. requesting reasonable accommodation;

b. communicating medical limitations and restrictions;

c. participating in the accommodation and return-to-work process;

Public

d. seeking assistance through Defendant's Human Resources and Occupational Health processes; and

e. opposing actions that Plaintiff reasonably believed interfered with rights protected under the ADA.

168. Plaintiff alleges that Defendant was aware of Plaintiff's protected activities.

169. Plaintiff alleges that Defendant knew Plaintiff's requests and communications were related to disability-related limitations and the need for workplace accommodation.

170. Plaintiff alleges that after Plaintiff engaged in protected activity, Defendant took adverse actions against Plaintiff.

171. The adverse actions included, but were not limited to:

a. denial of disability-related benefits;

b. denial of Plaintiff's appeal after Plaintiff attempted to provide additional information;

c. failure to clearly communicate available review options after the appeal process;

d. inconsistent handling of Plaintiff's leave status;

e. directing Plaintiff to pursue an additional leave process that Plaintiff alleges was later determined not to exist;

f. changing compensation treatment during the accommodation period;

g. seeking repayment of wages or salary while accommodation and leave issues remained unresolved;

h. interrupting Plaintiff's health benefits during a period of ongoing medical treatment;

i. denying COBRA continuation coverage after Plaintiff's attempts to obtain accurate information;

j. requiring Plaintiff to return to full-time work in order to regain access to health insurance benefits necessary for treatment;

k. reducing Plaintiff's work grade after returning to work; and

l. otherwise altering the terms, conditions, and privileges of Plaintiff's employment.

172. Plaintiff alleges that the timing and circumstances of Defendant's actions support an inference that Defendant's actions were connected to Plaintiff's protected activity.

Public

173. Plaintiff alleges that Defendant's conduct would discourage a reasonable employee from requesting accommodation, seeking disability benefits, or exercising rights protected by the ADA.

174. Plaintiff alleges that Defendant's stated reasons or explanations for certain actions do not fully explain the timing, sequence, and circumstances of the actions taken against Plaintiff.

175. Plaintiff alleges that Defendant's conduct was retaliatory because it occurred after Plaintiff sought disability-related assistance and attempted to exercise rights protected under federal law.

176. Plaintiff alleges that Defendant's retaliation caused Plaintiff damages, including lost compensation, loss of benefits, disruption of medical care, financial hardship, emotional distress, and other damages to be proven.

WHEREFORE, Plaintiff requests judgment against Defendant and all relief available under the ADA.


COUNT III — VIOLATION OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA)

DENIAL OF BENEFITS AND FAILURE TO PROVIDE FULL AND FAIR REVIEW

29 U.S.C. § 1132(a)(1)(B)

177. Plaintiff incorporates Paragraphs 1 through 176 as though fully set forth herein.

178. Plaintiff alleges that Defendant maintained and/or sponsored employee benefit plans governed by ERISA, including a short-term disability benefit program.

179. Plaintiff alleges that Plaintiff was a participant and beneficiary of the applicable employee benefit plans.

180. Plaintiff alleges that the plans provided disability-related benefits to eligible employees who satisfied applicable requirements.

181. Plaintiff alleges that Plaintiff became unable to perform her regular job duties without restrictions due to medical limitations beginning on or about April 29, 2024.

182. Plaintiff submitted a claim for short-term disability benefits through Defendant's designated process and provided supporting medical information.

183. Plaintiff alleges that her claim for disability benefits was denied.

Public

184. Plaintiff alleges that the denial occurred despite medical information and documentation submitted regarding Plaintiff's medical condition and work limitations.

185. Plaintiff exercised her right to appeal the denial of benefits.

186. During the appeal process, Plaintiff attempted to provide additional information and clarification regarding her medical condition, restrictions, and inability to perform her regular job duties without accommodation.

187. Plaintiff alleges that the appeal process did not provide a meaningful opportunity for Plaintiff's additional information to be fully considered.

188. Plaintiff alleges that the denial of benefits was upheld after the appeal.

189. Plaintiff alleges that Defendant and/or its benefit administrators failed to provide Plaintiff with clear information regarding any additional available review process after the appeal determination.

190. Plaintiff alleges that when she asked about further options, she was not informed of any additional meaningful review procedure, hearing opportunity, or process for presenting additional information.

191. Plaintiff alleges that she was not provided a clear explanation of what further steps were available to challenge the denial.

192. Plaintiff alleges that the process did not provide Plaintiff with a full and fair opportunity to have her claim reviewed.

193. Plaintiff alleges that Defendant's handling of the disability claim and appeal process was arbitrary, unreasonable, and inconsistent with ERISA's requirements for fair administration of benefit claims.

194. Plaintiff alleges that Defendant failed to properly consider relevant information submitted by Plaintiff in support of her claim.

195. Plaintiff alleges that Defendant's denial of benefits caused Plaintiff financial harm and forced Plaintiff to make employment decisions while experiencing significant medical limitations.

196. Plaintiff alleges that as a direct and proximate result of Defendant's conduct, Plaintiff is entitled to recover benefits due under the applicable plan and other relief available under ERISA.

Public

WHEREFORE, Plaintiff requests judgment against Defendant and all relief available under ERISA, including recovery of benefits due, clarification of rights, and appropriate equitable relief.

COUNT IV — VIOLATION OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA)

INTERFERENCE WITH PROTECTED BENEFIT RIGHTS

29 U.S.C. § 1140

197. Plaintiff incorporates Paragraphs 1 through 196 as though fully set forth herein.

198. Plaintiff alleges that she was an employee, participant, and beneficiary of employee benefit plans maintained or sponsored by Defendant.

199. Plaintiff alleges that ERISA protects employees from interference with their attainment of, or exercise of, rights under employee benefit plans.

200. Plaintiff alleges that she exercised rights protected under ERISA, including:

a. submitting a claim for disability benefits;

b. appealing the denial of disability benefits;

c. providing additional information supporting her claim;

d. seeking clarification regarding benefit eligibility;

e. attempting to maintain health insurance coverage; and

f. attempting to exercise rights relating to continuation coverage.

201. Plaintiff alleges that Defendant was aware that Plaintiff was exercising rights relating to employee benefits.

202. Plaintiff alleges that after Plaintiff exercised rights relating to disability and health benefits, Defendant took actions affecting Plaintiff's employment and benefit status.

203. Plaintiff alleges that Defendant's actions included:

a. denying Plaintiff's disability benefit claim;

b. denying Plaintiff's appeal after Plaintiff attempted to provide additional information;

c. failing to provide clear information regarding further review options;

d. creating uncertainty regarding Plaintiff's leave and benefit eligibility;

Public

e. altering compensation treatment during Plaintiff's accommodation period;

f. interrupting Plaintiff's health insurance coverage;

g. failing to provide clear and consistent information regarding continuation coverage;

h. denying COBRA continuation coverage after Plaintiff's efforts to determine and comply with requirements; and

i. creating employment conditions that affected Plaintiff's ability to maintain access to benefits.

204. Plaintiff alleges that Defendant's actions had the effect of interfering with Plaintiff's ability to obtain, maintain, or exercise rights under employee benefit plans.

205. Plaintiff alleges that Defendant's actions occurred during a period when Plaintiff was seeking disability-related benefits and attempting to maintain employment while managing medical limitations.

206. Plaintiff alleges that the timing, sequence, and circumstances of Defendant's actions support an inference that Defendant interfered with Plaintiff's protected benefit rights.

207. Plaintiff alleges that Defendant's conduct caused Plaintiff financial harm, loss of benefits, disruption of medical treatment, and other damages.

208. Plaintiff alleges that Defendant's actions violated ERISA's prohibition against interference with protected benefit rights.

WHEREFORE, Plaintiff requests judgment against Defendant and all relief available under ERISA.


COUNT V — VIOLATION OF COBRA CONTINUATION COVERAGE REQUIREMENTS

29 U.S.C. §§ 1161–1169

209. Plaintiff incorporates Paragraphs 1 through 208 as though fully set forth herein.

210. Plaintiff alleges that Defendant maintained a group health plan subject to the continuation coverage requirements of COBRA.

211. Plaintiff alleges that Plaintiff was a qualified beneficiary entitled to receive information regarding continuation coverage rights following a qualifying event affecting her health coverage.

Public

212. Plaintiff alleges that Defendant was responsible for providing accurate and timely information regarding Plaintiff's health coverage status and continuation coverage options.

213. Plaintiff alleges that a qualifying event occurred that affected Plaintiff's eligibility for employer-sponsored health coverage.

214. Plaintiff alleges that during the relevant period, Plaintiff was experiencing ongoing medical limitations and required continued access to health insurance benefits for necessary medical care.

215. Plaintiff alleges that Defendant failed to provide clear, timely, and consistent information regarding:

a. the date Plaintiff's health coverage ended or would end;

b. the date Plaintiff became eligible for COBRA continuation coverage;

c. the amount required to continue coverage;

d. the deadline for payment; and

e. the relationship between Plaintiff's leave status, accommodation period, employment status, and health benefit eligibility.

216. Plaintiff alleges that she repeatedly contacted Defendant and its representatives to determine the correct information necessary to maintain health coverage.

217. Plaintiff alleges that she acted in good faith and attempted to comply with Defendant's requirements.

218. Plaintiff alleges that she spent approximately four months communicating with Defendant representatives in an effort to obtain accurate information regarding coverage dates, amounts, and continuation coverage obligations.

219. Plaintiff alleges that Defendant provided COBRA-related communications while questions regarding dates, amounts, and eligibility remained unresolved.

220. Plaintiff alleges that Defendant ultimately denied COBRA continuation coverage based on an alleged failure to make payment within the required period.

221. Plaintiff alleges that any delay in payment was caused, at least in part, by Defendant's failure to provide clear and accurate information necessary for Plaintiff to determine her obligations and comply.

Public

222. Plaintiff alleges that Defendant's failure to provide accurate and timely continuation coverage information interfered with Plaintiff's ability to preserve health insurance coverage.

223. Plaintiff alleges that the loss of health coverage occurred during a period of significant medical need and caused financial hardship, uncertainty, and disruption of medical care.

224. Plaintiff alleges that Defendant's actions violated COBRA continuation coverage requirements and caused damages and penalties available under applicable law.

WHEREFORE, Plaintiff requests judgment against Defendant and all relief available under COBRA and applicable law.

DAMAGES, CAUSATION, AND RESULTING HARM

225. Plaintiff incorporates Paragraphs 1 through 224 as though fully set forth herein.

226. Plaintiff alleges that Defendant's actions and decisions, individually and collectively, caused substantial harm to Plaintiff's employment, financial stability, access to benefits, medical treatment, and professional career.

227. Plaintiff alleges that before the events described in this Complaint, Plaintiff maintained successful employment with Defendant beginning April 16, 2012, and had established a strong record of performance, innovation, and contribution.

228. Plaintiff alleges that the damages described herein resulted after Defendant became aware of Plaintiff's medical limitations, request for accommodation, disability benefit claim, appeal, and efforts to maintain employee benefits.

229. Plaintiff alleges that Defendant's denial of disability benefits caused Plaintiff to lose expected income protection during a period when Plaintiff was unable to perform her regular job duties without restrictions.

230. Plaintiff alleges that Defendant's handling of Plaintiff's leave status, including inconsistent information regarding leave dates and available processes, created uncertainty regarding Plaintiff's employment status and benefit eligibility.

231. Plaintiff alleges that Defendant's handling of Plaintiff's accommodation process caused additional hardship by creating uncertainty regarding compensation, unpaid time, and benefit access during Plaintiff's gradual return to work.

Public

232. Plaintiff alleges that Defendant's repayment demands caused financial harm because Plaintiff was required to address disputed amounts while the underlying leave, accommodation, compensation, and benefit issues remained unresolved.

233. Plaintiff alleges that Defendant's handling of health insurance benefits and continuation coverage affected Plaintiff's ability to maintain uninterrupted access to medical care.

234. Plaintiff alleges that she was required to make employment decisions based in part on the need to regain access to health insurance benefits necessary for continued treatment.

235. Plaintiff alleges that Defendant's actions interfered with the purpose of Plaintiff's accommodation, which was intended to allow Plaintiff to continue working while completing necessary medical treatment.

236. Plaintiff alleges that Defendant's actions caused and continue to cause damages, including:

a. lost wages and compensation;

b. lost disability benefits;

c. loss or interruption of health insurance benefits;

d. medical expenses and costs associated with disrupted treatment;

e. disputed repayment obligations;

f. financial hardship;

g. harm to employment status and career progression;

h. loss of professional opportunities;

i. emotional distress and hardship;

j. damage to Plaintiff's employment relationship; and

k. other damages to be proven through evidence.

237. Plaintiff alleges that Defendant's actions were a substantial factor in causing Plaintiff's damages.

238. Plaintiff alleges that Defendant's actions occurred despite Plaintiff's repeated efforts to cooperate, follow procedures, return to work, and resolve issues in good faith.

Public

239. Plaintiff alleges that Plaintiff is entitled to all available remedies under the ADA, ERISA, COBRA, and applicable law.

JURY DEMAND

Plaintiff Ann Pettifer demands a trial by jury on all issues for which a jury trial is available under applicable law.

Respectfully submitted,

/s/ Ann Pettifer

Ann Pettifer
Plaintiff, Pro Se

246 6th Street Court W
Andalusia, Illinois 61232

Telephone: 309-798-7093

Email: witcheshonor@hotmail.com

Date: August 3, 2026


SIGNATURE VERIFICATION

I, Ann Pettifer, declare under penalty of perjury that I have reviewed the foregoing Complaint and that the factual allegations contained therein are true and correct to the best of my knowledge, information, and belief.

Executed on August 3, 2026.

/s/ Ann Pettifer

Ann Pettifer
Plaintiff, Pro Se

Public